

**REGISTERED AGENT**
**S O L U T I O N S   I N C**

Registered Agent Solutions, Inc.
*Corporate Mailing Address*
1701 Directors Blvd.
Suite 300
Austin, TX 78744

Phone: (888) 705-RASi (7274)

# SERVICE OF PROCESS RECEIPT

2022-06-09

Tammy Gibbs
Schnuck Markets, Inc.
11420 Lackland Road
St. Louis, MO 63105 USA

> **NOTICE OF CONFIDENTIALITY**
> This notice and the information it contains are
> intended to be a confidential communication only to
> the individual and/or entity to whom it is addressed.
> If you have received this notice in error, immediately
> call our SOP Department at (888) 705-7274.

RE:  Schnuck Markets, Inc.

This receipt is to inform you that Registered Agent Solutions, Inc. has received a Service of Process on behalf of the above-referenced entity as your registered agent and is hereby forwarding the attached document(s) for your immediate review.  A summary of the service is shown below; however, it is important that you review the attached document(s) in their entirety for complete and detailed information.
For additional information and instruction, contact the document issuer: KEITH SHORT & ASSOCIATES, P.C.

**SERVICE INFORMATION**

| | |
|---|---|
| Service Date: | 2022-06-09 |
| Service Time: | 11:35AM CDT |
| Service Method: | Process Server |

**RASi REFERENCE INFORMATION**

| | |
|---|---|
| Service No.: | 0215605 |
| RASi Office: | Illinois |
| Rec. Int. Id.: | JLW |

**CASE INFORMATION**

| | |
|---|---|
| Case Number: | 2022LA000715 |
| File Date: | 06/08/2022 |
| Jurisdiction: | ILLINOIS 3RD JUDICIAL CIRCUIT COURT, MADISON COUNTY |
| Case Title: | ERIC A. HOLT  VS.  SCHNUCK MARKETS, INC. |

**ANSWER / APPEARANCE INFORMATION**

30 days       *(Be sure to review the document(s) for any required response dates)*

**AGENCY / PLAINTIFF INFORMATION**

| | |
|---|---|
| Firm/Issuing Agent: | KEITH SHORT & ASSOCIATES, P.C. |
| Attorney/Contact: | KEITH SHORT |
| Location: | Illinois |
| Telephone No.: | 618-254-0055 |

**DOCUMENT(S) RECEIVED & ATTACHED**

Complaint
Summons

**ADDITIONAL NOTES**



EXHIBIT
A

Questions or Comments... Should you have any questions or need additional assistance, please contact the SOP Department at (888) 705-7274.

You have been notified of this Service of Process by Insta-SOP Delivery, a secure email transmission.  The transmitted documents have also been uploaded to your Corpliance account.  RASi offers additional methods of notification including Telephone Notification and FedEx Delivery. If you would like to update your account's notification preferences, please log into your Corpliance account at www.rasi.com.

*Thank you for your continued business!*

**IN THE CIRCUIT COURT**
**THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS**

ERIC A. HOLT,                              )
            Plaintiff,                   )
                         )     No. 22-    2022LA000715
       vs.                               )
SCHNUCK MARKETS, INC.,          )
           Defendant.                 )

### SUMMONS

To:   Schnuck Markets, Inc.

      You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Madison County Clerk, within thirty (30) days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in the complaint.

      This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

      This summons may not be served later than 30 days after its date.

/s/ Thomas McRae



CLERK OF THE CIRCUIT COURT

/s/ Stacey Turner
BY: _____
       Deputy Clerk

WITNESS,  6/8/2022

Clerk of Court

Date of Service: _____, 20_____.

(To be inserted by officer on copy left with Defendant or other person)

TO THE OFFICER/SPECIAL PROCESS SERVER: This summons must be returned by the officer or other person to whom it was given for service, with endorsement or affidavit of service and fees and mileage fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

I certify that I served this summons on defendant as follows:

(A) Individual defendant - personal

By leaving a copy and a copy of the Order and Complaint with each individual respondent in discovery personally, as follows:

Name of defendant                          Date of service

(B) Individual defendant - abode

By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his/her family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and a copy of the complaint in his/her usual place of abode, as follows:

Name of Defendant            Person whom left with      Date of service/mailing

(C) Corporation defendant:

By leaving a copy and a copy of the complaint with registered agent, officer of agent, corporation, as follows:

Defendant Corporation              Registered Agent/          Date of service
                                   Office of Agent

(D) Other service

***EFILED***
Case Number 2022LA000715
Date: 6/8/2022 8:45 AM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | | |
|---|---|---|
| ERIC A. HOLT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2022LA000715 |
| vs. | ) | No. 22- |
| | ) | |
| SCHNUCK MARKETS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW plaintiff, Eric A. Holt, by and through his attorneys, Keith Short and Associates, P.C., and complains of the defendant, Schnuck Markets, Inc., as follows:

1.    That on or before July 30, 2020, defendant, Schnuck Markets, Inc., owned and operated certain premises commonly known as Schnucks located at 2811 Homer M Adams Pkwy, City of Alton, County of Madison County, State of Illinois.

2.    That all times relevant herein, plaintiff was an invitee on the premises commonly known as Schnuck Markets, Inc. located at 2811 Homer M Adams Pkwy, City of Alton, County of Madison County, State of Illinois.

3.    That at all times relevant herein, the defendant assumed the duty to maintain its parking lot in a reasonable and safe manner.

4.    The location where the incident occurred is open to the public. The injury/incident occurred in a place designated by defendant for public access.   No warning signs or no-trespass signs or other demarcations existed such to suggest that the general public was prohibited from this area of the parking lot.

5.    On said date, plaintiff was driving through the parking lot of Schnuck Markets, Inc. when the ground collapsed beneath his vehicle causing him to strike his

shoulder and knee and further injure his body.

6. At the above, time and place, defendant owed a duty to plaintiff to exercise ordinary care to maintain its premises in a reasonably safe condition.

7. At said time and place, defendant was negligent and careless in the maintenance of its premises as follows:

    (a)    Failed to warn invitees and/or patrons or a dangerous condition;

    (b)    Failed to inspect vehicle pathway and/or the parking lot;

    (c)    Failed to maintain vehicle pathways; and

    (d)    Allowed a dangerous condition to exist which was not open and obvious to invitees and/or patrons, and/or to first time visitors or infrequent visitors to the defendant's location.

8. As a proximate result of the negligent acts or omissions of defendant, plaintiff, on the above date and time suffered the following personal injuries:

    (a)    Injuries to his shoulder and knee;

    (b)    Pain and suffering, past and future;

    (c)    Medical expenses, past and future;

    (d)    Lost wages, past and future; and

    (e)    Disability, past and future;

WHEREFORE plaintiff, Eric A. Holt, prays for judgment against the defendant, Schnuck Markets, Inc., in an amount greater than Fifty Thousand Dollars ($50,000.00); plus costs of suit.

Respectfully Submitted,

BY:

Keith Short                    #6210044
Keith Short and Associates, P.C.
325 Market Street
Alton, IL. 62002
618-254-0055
618-254-1272 (fax)
keith@slltrial.com

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | | |
|---|---|---|
| ERIC A. HOLT, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No:  2022-LA000715 |
| | ) | |
| vs. | ) | |
| | ) | |
| SCHNUCK MARKETS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S ANSWERS TO DEFENDANT, SCHNUCK MARKETS, INC.'S FIRST INTERROGATORIES

COMES NOW Plaintiff, Eric A. Holt, by and through his attorneys, Keith Short and Associates, P.C., and hereby answers the following Interrogatories fully in writing, under oath, and within twenty-eight (28) days from the date hereof:

1.     State the full name of the Plaintiff answering, as well as your current residence address, date of birth, marital status, driver's license number and issuing state, and the last four digits of your social security number, and if different give the full name, as well as the current residence address, date of birth, marital status, driver's license number and issuing state, and the last four digits of the social security number of the individual signing these answers.

**ANSWER:**

**Eric A. Holt**
**2516 Ida, Alton, IL 62002**
**DOB:** ▓▓▓▓▓▓▓
**SSN:** xxx-xx-▓▓▓▓
**Married**
**DL#:** ▓▓▓▓▓▓▓▓▓

2.      State the full name and current residence address of each person who witnessed or claims to have witnessed the occurrence that is the subject of this suit.

**ANSWER:**

**None.**

3.      State the full name and current residence address of each person not named in Interrogatory No. 2 above who was present and/or claims to have been present at the scene immediately before, at the time of, and/or immediately after the occurrence.

**ANSWER:**

**There was a dock worker that came out after the incident.  I do not know his name or address.**

4.      Do you have any information:

(a) That any plaintiff was, within the five years immediately prior to the occurrence, confined in a hospital and/or clinic, treated by a physician and/or other health professional, or x-rayed for any reason other than personal injury? If so, state each plaintiff so involved, the name and address of each such hospital and/or clinic, physician, technician and/or other health care professional, the approximate date of such confinement or service and state the reason for such confinement or service;

(b) That any plaintiff has suffered any serious personal injury and/or illness prior to the date of the occurrence? If so, state the name of each plaintiff so involved and state when, where and how he or she was injured and/or ill and describe the injuries and/or illness suffered;

(c) That any plaintiff has suffered any serious personal injury and/or illness since the date of the occurrence? If so, state the name of each plaintiff so involved and state when, where and how he or she was injured and/or ill and describe the injuries and/or illness suffered;

(d) That any plaintiff has ever filed any other suit for his or her own personal injuries? If so, state the name of each plaintiff so involved and state the court and caption in which filed, the year filed, the title and docket number of the case.

**ANSWER:**

**I had two (2) prior Workers' Compensation claims. Injury to my left shoulder in approximately 2008. Surgery with Dr. Kyle Shepperson and an injury to my right wrist in approximately 2012. Surgery with Dr. Goldfarb.**

5.       Were any photographs, movies and/or videotapes taken of the scene of the occurrence? If so, state the date or dates on which such photographs, movies and/or videotapes were taken, the subject thereof, who now has custody of them, and the name, address and occupation and employer of the person taking them.

**ANSWER:**

**See attached photographs produced in compliance.**

6.       Have you (or has anyone acting on your behalf) had any conversations with any person at any time with regard to the manner in which the occurrence complained of occurred, or have you overheard any statements made by any person at any time with regard to the injuries complained of by plaintiff or the manner in which the occurrence complained of occurred? If the answer to this interrogatory is in the affirmative, state the following:

(a) The date or dates of such conversations and/or statements;

(b) The place of such conversations and/or statements;

(c) All persons present for the conversations and/or statements;

(d) The matters and things stated by the person in the conversations and/or statements;

(e) Whether the conversation was oral, written and/or recorded; and

(f) Who has possession of the statement if written and/or recorded.

**ANSWER:**

**The dock worker that came out immediately following the incident told me that the area that collapsed has done it before, about two or three times.**

7.    Do you know of any statements made by any person relating to the occurrence complained of by the plaintiff? If so, give the name and address of each such witness and the date of the statement, and state whether such statement was written and/or oral.

**ANSWER:**

**None other than those listed herein.**

8.    Had you consumed any alcoholic beverage within 12 hours immediately prior to the occurrence? If so, state the names and addresses of those from whom it was obtained, where it was consumed, the particular kind and amount of alcoholic beverage so consumed by you, and the names and current residence addresses of all persons known by you to have knowledge concerning the consumption of the alcoholic beverages.

**ANSWER:**

**No.**

9.    Have you ever been convicted of a misdemeanor involving dishonesty, false statement or a felony? If so, state the nature thereof, the date of the conviction, and the court and the caption in which the conviction occurred. For the purpose of this interrogatory, a plea of guilty shall be considered as a conviction.

**ANSWER:**

**No.**

10.    Had you used any drugs or medications within 24 hours immediately prior to the occurrence? If so, state the names and addresses of those from whom it was obtained, where it was used, the particular kind and amount of drug or medication so used by you, and the names and current residence addresses of all persons known by you to have knowledge concerning the use of the drug or medication.

**ANSWER:**

**No.**

11.    Were you employed on the date of the occurrence? If so, state the name and address of your employer, and the date of employment and termination, if applicable. If your answer is in the affirmative, state the position, title and nature of your occupational responsibilities with respect to your employment.

**ANSWER:**

**Yes.**
**Republic Services**
**4601 Cahokia Creek Road, Edwardsville, IL 62025**
**Garbage Collector**

12.     State the name and address of any physician, ophthalmologist, optician or other health care professional who performed any eye examination of you within the last five years and the dates of each such examination.

ANSWER:

Heitz Optical, 2415 Homer M Adams Pkwy, Alton, IL 62002
The Retina Institute, 1 Professional Dr Ste 260, Alton, IL, 62002-5068

13.     Pursuant to Illinois Supreme Court Rule 213(f), provide the name and address of each witness who will testify at trial and all other information required for each witness.

ANSWER:

Plaintiff, Eric Holt, will testify as to the facts of the alleged occurrence, his injuries from the occurrence and his present physical problems from those injuries. He may offer the testimony of any previously disclosed witnesses, (see answers to these interrogatories), if any, to the occurrence who would testify as to their observations of the alleged occurrence. The plaintiff may offer the testimony of the defendant as to the facts of the occurrence. The plaintiff will offer the testimony of the treating doctors as to the causation, prognosis, effects, associated medical costs, etc., of the injuries suffered by the plaintiff. In addition, plaintiff may offer testimony that will be elicited at future depositions as to the above persons and others, if applicable.

Mistina Holt, plaintiff's wife, will testify as to the condition of plaintiff prior to the incident, plaintiff's conditions subsequent to the incident, the injuries plaintiff sustained from the occurrence and plaintiff's present physical problems from those injuries.

Representatives of Alton Memorial Hospital are non-retained, opinion witnesses. See medical records. They may testify as to their observations of plaintiff when arriving at the hospital and their subsequent treatment of plaintiff. They may testify that the charges associated with plaintiff's care and treatment was reasonable and necessary.

Representatives of Midwest Radiological Associates are non-retained, opinion witnesses. See medical records. They may testify as to their observations of plaintiff when arriving at the hospital and their subsequent treatment of plaintiff. They may testify that the charges associated with plaintiff's care and treatment was reasonable and necessary.

Representatives of SE Emergency Physicians are non-retained, opinion witnesses. See medical records. They may testify as to their observations of plaintiff when arriving at the hospital and their subsequent treatment of plaintiff. They may testify that the charges associated with plaintiff's care and treatment was reasonable and necessary.

Representatives of Midwest Occupational Medicine are non-retained, opinion witnesses. See medical records. They may testify as to their observations of plaintiff and their subsequent treatment of plaintiff. They may testify that the charges associated with plaintiff's care and treatment was reasonable and necessary.

Representatives of Brightway Imaging are non-retained, opinion witnesses. See medical records. They may testify as to their observations of plaintiff and their subsequent treatment of plaintiff. They may testify that the charges associated with plaintiff's care and treatment was reasonable and necessary.

Representatives of Precision Orthopedics are non-retained, opinion witnesses. See medical records. They may testify as to their observations of plaintiff and their subsequent treatment of plaintiff. They may testify that the charges associated with plaintiff's care and treatment was reasonable and necessary.

Representatives of Athletico are non-retained, opinion witnesses. See medical records. They may testify as to their observations of plaintiff and their subsequent treatment of plaintiff. They may testify that the charges associated with plaintiff's care and treatment was reasonable and necessary.

Representatives of Twin Rivers MRI Center are non-retained, opinion witnesses. See medical records. They may testify as to their observations of plaintiff and their subsequent treatment of plaintiff. They may testify that the charges associated with plaintiff's care and treatment was reasonable and necessary.

Representatives of Frontenac Surgery and Spine Center are non-retained, opinion witnesses. See medical records. They may testify as to their observations of plaintiff and their subsequent treatment of plaintiff. They may testify that the charges associated with plaintiff's care and treatment was reasonable and necessary.

Representatives of Center for Diagnostic Imaging are non-retained, opinion witnesses. See medical records. They may testify as to their observations of plaintiff and their subsequent treatment of plaintiff. They may testify that

the charges associated with plaintiff's care and treatment was reasonable and necessary.

Representatives of Orthopedic and Spine Institute of St. Louis are non-retained, opinion witnesses. See medical records. They may testify as to their observations of plaintiff and their subsequent treatment of plaintiff. They may testify that the charges associated with plaintiff's care and treatment was reasonable and necessary.

Dr. Kyle Shepperson is a non-retained, opinion witnesses. His deposition may be scheduled. He was involved in the medical care and treatment of plaintiff's injury. Upon information and belief, Dr. Shepperson will testify consistent with his medical records, charts and radiology reports contained in his file, including that the treatment was necessary due to the incident as alleged in the complaint. (See medical records previously disclosed). He may testify that the charges associated with plaintiff's care and treatment were reasonable and necessary.

Dr. Corey Solman is a non-retained, opinion witnesses. His deposition may be scheduled. He was involved in the medical care and treatment of plaintiff's injury. Upon information and belief, Dr. Sinha will testify consistent with his medical records, charts and radiology reports contained in his file, including that the treatment was necessary due to the incident as alleged in the complaint. (See medical records previously disclosed). He may testify that the charges associated with plaintiff's care and treatment were reasonable and necessary.

Discovery continues and plaintiff will supplement this answer in a timely manner and in accordance with the Illinois Rules and any scheduling order of the Court. Plaintiff reserves the right to supplement her disclosure as additional information becomes available.

14.    List the names and addresses of all other persons (other than yourself and persons heretofore listed) who have knowledge of the facts of the occurrence and/or of the injuries and damages claimed to have resulted therefrom.

ANSWER:

My wife, Mistina Holt, 2516 Ida, Alton, IL 62002.

15.    Identify any statements, information and/or documents known to you and requested by any of the foregoing interrogatories which you claim to be work product or

subject to any common law or statutory privilege, and with respect to each interrogatory, specify the legal basis for the claim as required by Illinois Supreme Court Rule 201(n).

**ANSWER:**

**None.**

16.    INJURIES

State the parts of Plaintiff's body, if any, injured in the occurrence mentioned in the Petition.

**ANSWER:**

**As a result of the occurrence my left shoulder and right knee were injured.  See medical records produced in compliance.**

17.    OTHER ILLNESSES OR INJURIES

Has Plaintiff had any illnesses, impairment or injuries to the parts of the body injured in the occurrence mentioned in the petition, either before or after the fall which is the subject of this lawsuit?  If your answer is "YES" to this question, please state the following for *each injury:*

(a)    The date sustained or suffered;
(b)    The parts of the body involved;
(c)    The nature or type;
(d)    The name and address of each health care provider who treated or examined Plaintiff.

**ANSWER:**

**Objection, Plaintiff did not fall in this lawsuit.  To the extent that the remainder of the interrogatory can be answered:**

**(a) 2008 and 2009, Plaintiff cannot remember exact dates**
**(b) Left shoulder**
**(c) Surgery**
**(d) Dr. Kyle Shepperson, 6810 State Route 162, Suite 10, Maryville, Illinois 62062**

18.   MEDICAL CARE

State the names and addresses of all doctors, hospitals, or health care providers who have treated, examined, or attended Plaintiff since the occurrence in question and because of it, and for *each* listed, please state:

(a)   The amount of the bill from each such health care provider for services rendered because of the occurrence in question.

(b)   The number of visits and the specific dates of each visit Plaintiff has made to each of these health care providers because of the occurrence.

(c)   The conditions for which Plaintiff was examined or treated.

(d)   If you claim that Plaintiff received a medical examination, care or treatment because of the occurrence mentioned in the petition, please sign and return the attached medical authorization, after inserting the names and addresses of the doctors, hospitals or health care providers.

**ANSWER:**

**Alton Memorial Hospital, One Memorial Drive, Alton, IL 62002
Midwest Radiological Associates
SE Emergency Physicians
Midwest Occupational Medicine, 325 Madison Avenue, Wood River, IL 62095
Precision Orthopedics, 6810 IL-162, Maryville, IL 62062
Brightway Imaging, #3 Professional Drive, Suite A, Alton, IL 62002
Athletico, 600 Oakmont Lane, Suite C, Westmont, IL 60559
Twin Rivers MRI, 5 Memorial Drive, Alton, IL 62002
Orthopedic and Spine Institute, 10435 Clayton Road, Suite 120, St. Louis, MO 63131
Frontenac Surgery and Spine Center
Center for Diagnostic Imaging**

**Please see medical index, medical records and medical bills attached in compliance.**

19.   State the names and addresses of all doctors, physicians, chiropractors, osteopaths, hospitals, clinics, or other persons or institutions from which you have received any treatment or examination for any illness, injury, ailment, or complaint as referred to in your petition prior to the occurrence mentioned in your petition.

**ANSWER:**

**Dr. Kyle Shepperson, 6810 State Route 162, Suite 10, Maryville, Illinois 62062.
2008 and 2009 left shoulder surgeries.**

20.    Have you ever sustained a fall before or after the date of the occurrence wherein you injured any portion of your body necessitating medical treatment and, if so, state:

(a)    The date of the fall;
(b)    The location of the fall;
(c)    The name and address of any medical providers who treated you for the fall.

**ANSWER:**

**Objection, Plaintiff did not fall in this case. To the extent that Interrogatory No. 20 can be answered, Plaintiff did not fall prior to or after the occurrence.**

21.    Have you ever been involved in an automobile collision before or after the date of the occurrence wherein you injured any portion of your body necessitating medical treatment and, if so, state:

(a)    The date of the collision;
(b)    The location of the collision;
(c)    The name and address of any medical providers who treated you for the collision.

**ANSWER:**

**I was on a motor vehicle accident when I was approximately 17-18 years old.   I sustained whiplash.  Chiropractor treatment only, I cannot remember the name.**

Respectfully Submitted,

BY:    /s/Keith Short
        Keith Short          #6210044
        Keith Short and Associates, P.C.
        325 Market Street
        Alton, IL 62002
        618-254-0055
        618-254-1272 (fax)
        keith@siltrial.com

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was electronically served, upon the attorneys of record of all parties, on the ⎵11⎵ day of August 2022.

Ryan C. Turnage
Schnuck Markets, Inc.
11420 Lackland Road
St. Louis, MO  63146
RCTurnage@Schnucks.com

STATE OF ILLINOIS       )
                        )SS
COUNTY OF MADISON       )

## VERIFICATION

I, Eric A. Holt, being first duly sworn on oath, deposes and states as follows:

That I have read the foregoing interrogatories; and that said answers were prepared with the assistance and advice of counsel upon whose advice I have relied. The answers set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by, the records and information still in existence, presently recollected, and thus far discovered in course of the preparation of these answers.   I consequently reserve the right to make changes in the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is subsequently available.   Further, I state that the answers are true and accurate to the best of my knowledge, information and belief, subject to the limitations herein above described.

_Eric Holt_
Eric A. Holt

SUBSCRIBED and SWORN to before me on this 26 day of July, 2022.

_Shana M Lewis_
Notary

OFFICIAL SEAL
SHANA M LEWIS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/14/23

***EFILED***
Case Number 2022LA000715
Date: 7/8/2022 11:51 AM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

**IN THE CIRCUIT COURT THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS**

| | | |
|---|---|---|
| ERIC A. HOLT, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No:   2022LA000715 |
| | ) | |
| vs. | ) | |
| | ) | |
| SCHNUCK MARKETS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY OF APPEARANCE AND JURY DEMAND

COMES NOW Defendant, Schnuck Markets, Inc., by and through the undersigned counsel, and hereby enters their appearance as counsel of record and demands trial by jury of 12 on behalf of Defendant Schnuck Markets, Inc.

Respectfully submitted,

By:___ */s/  Ryan C. Turnage*___
        Ryan C. Turnage, #281108
        Schnuck Markets, Inc.
        11420 Lackland Road
        St. Louis, MO  63146
        (314) 994-4333 – Telephone
        (314) 994-4412 – Facsimile
        Email:  RCTurnage@Schnucks.com

        *Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed electronically with the Clerk of Court and sent via U.S. Mail to the following counsel of record for Plaintiff on this 8th day of July 2022:

        Keith Short
        325 Market Street
        Alton, IL 62002
        *Counsel for Plaintiff*

        By:___ */s/  Ryan C.  Turnage*___

***EFILED***
Case Number 2022LA000715
Date: 7/8/2022 11:51 AM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

## IN THE CIRCUIT COURT THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

| | | |
|---|---|---|
| ERIC A. HOLT, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No:    2022-LA000715 |
| | ) | |
| vs. | ) | |
| | ) | |
| SCHNUCK MARKETS, INC. | ) | |
| | ) | **DEFENDANT DEMANDS TRIAL BY** |
| | **)** | **JURY OF TWELVE** |
| | ) | |
| Defendant. | ) | |

## <u>ANSWER</u>

COMES NOW Defendant Schnuck Markets, Inc., by and through the undersigned counsel, and for its Answer to Plaintiff's Complaint, states as follows:

1.      Defendant admits that it owned a retail grocery store operation at 2811 Homer M. Adams Parkway in the City of Alton, County of Madison County, and State of Illinois on July 30, 2020 and denies that it owned the real estate property and denies the remaining allegations contained in paragraph 1 of Plaintiff's Complaint and demands strict proof thereof.

2.      Defendant is without sufficient information to admit or deny the allegations contained in paragraph 2 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

3.      Defendant denies the allegations contained in paragraph 3 of Plaintiff's Complaint and demands strict proof thereof.

4.      Defendant admits that the general grocery store parking lot is open to the public and denies the remaining allegations contained in paragraph 4 of Plaintiff's Complaint and demands strict proof thereof.

5.      Defendant denies the allegations contained in paragraph 5 of Plaintiff's Complaint and demands strict proof thereof.

6.      Defendant denies the allegations contained in paragraph 6 of Plaintiff's Complaint and demands strict proof thereof.

7.      Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint and its respective sub-paragraphs (a) through (d) and demands strict proof thereof.

8.      Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint and its respective sub-paragraphs (a) through (e) and demands strict proof thereof.

WHEREFORE, Defendant Schnuck Markets, Inc. prays that this Court dismiss Plaintiff's Complaint, and enter judgment in its favor and against Plaintiff, and award it further relief as may be necessary and just.

**DEFENDANT DEMANDS TRIAL BY JURY OF TWELVE**

**AFFIRMATIVE DEFENSES**

1.      Any negligence on the part of this Defendant, which is specifically denied, is not the proximate cause of Plaintiff's injuries.

2.      Plaintiff's damages, if any sustained, may be due in whole or in part by acts or omissions of parties not included in this lawsuit.

3.       Plaintiff's Complaint fails to state a cause of action against this Defendant under Illinois law in that this Defendant does not own or control the real estate, land, or real property where Plaintiff's alleges the parking lot ground collapsed beneath his vehicle and therefore Defendant does not owe Plaintiff a legal duty under Illinois law.

4.      In the alternative, Plaintiff's Complaint alleges his injuries were caused by a ground that collapsed, which is an unforeseeable event that is beyond the power of human intervention to prevent and an act of God.  In the event that it is determined the events described in Plaintiff's Complaint were an act of God, Plaintiff cannot meet the causation element of his claim and Defendant is fully absolved of liability under Illinois law.

5.      At the time and place of the incident complained of, Plaintiff had a duty to use reasonable care for his own safety.

6.      Notwithstanding that duty, at the time and place of the incident complained of, Plaintiff committed one or more of the following negligent acts, omissions, or violations of statute:

a. Failed to keep a proper lookout for his own safety;

b. Knew or should have known of the existence of a condition and have avoided it;

c. Knew or should have known of a condition that required the exercise of care which Plaintiff did not exercise;

d. Knew or should have known of an open and obvious condition and have avoided it; and

e. Was negligent in one or more ways which discovery will reveal.

7.      The proximate cause of Plaintiff's alleged damages is one or more of the foregoing negligent acts, omissions, or violations of statute.

8.      In the alternative, assuming that 100% represents the total combined negligence or fault of the parties to this action, the negligence or fault on the part of Plaintiff was more than 50% of the total proximate cause of the alleged injuries and/or damages and, therefore there is no

liability on the part of Defendant. In the alternative, in the event that it is found that negligence on the part of Plaintiff is less than 50% of the proximate cause of the alleged injuries and/or damages then the amount of the verdict awarded to Plaintiff must be reduced in accordance with the percentage of that negligence or fault.

9.      In the alternative, any fault on the part of Defendant in proximately causing any injury or damages to Plaintiff is less than 25% of the total fault attributable to Plaintiff, the Defendant sued, and any third-party defendant who could have been sued by Plaintiff and, therefore, pursuant to 735 ILCS 5/2-1117, Defendant is only severally liable, if at all.

10.     Further, Defendant is entitled to a set-off or a credit in the amount equal to that paid or agreed by any tortfeasor, whether or not a party to this lawsuit, pursuant to 740 ILCS 100/2.

WHEREFORE, Defendant Schnuck Markets, Inc., prays that this Court dismiss Plaintiff's Complaint, enter judgment in its favor and against Plaintiff, and award it further relief as may be necessary and just; in the alternative, Defendant prays that any verdict or judgment rendered in favor of Plaintiff be reduced by the percentage of contributory negligence found by the trier of fact to have proximately caused or contributed to cause the occurrence, injuries, and damages alleged.

**DEFENDANT DEMANDS TRIAL BY JURY OF TWELVE**

Respectfully submitted,

By: _/s/ Ryan C. Turnage_
    Ryan C. Turnage, #281108
    Schnuck Markets, Inc.
    11420 Lackland Road
    St. Louis, MO  63146
    (314) 994-4333 – Telephone
    (314) 994-4412 – Facsimile
    Email:  RCTurnage@Schnucks.com

    *Counsel for Defendant*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed electronically with the Clerk of Court and sent via U.S. Mail to the following counsel of record for Plaintiff on this 8th day of July, 2022:

    Keith Short
    325 Market Street
    Alton, IL 62002
    Counsel for Plaintiff

By: _/s/ Ryan C. Turnage_