IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ERIC A. HOLT,** | |
| **Plaintiff,** | |
| v. | Case No. 3:22-CV-01939-SPM |
| **SCHNUCK MARKETS, INC.,** | |
| **Defendant.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court for consideration of a Motion for Summary Judgment filed by Defendant Schnuck Markets, Inc. (Doc. 40). Having been fully informed of the issues presented, the Court **GRANTS** Schnuck Markets' Motion for Summary Judgment.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The instant case stems from an incident that occurred in the parking lot behind the Schnucks grocery store located at 2811 Homer M. Adams Parkway in Alton, Illinois. (*See* Doc. 1, Ex. 1, p. 4; Doc. 41, Ex. 2, p. 47–49). While Plaintiff Holt was driving his garbage truck through this parking lot, a section of the pavement collapsed, which he alleges caused injury to his shoulder, knee, and body. (*See* Doc. 1, Ex. 1, p. 4). He brought the instant suit in the Third Judicial Circuit in Madison County, Illinois arguing that Schnuck Markets' negligent maintenance of the parking lot was the proximate cause of his injuries. (*See id.*, Ex. 1, p. 5). Schnuck Markets removed the case to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on

August 18, 2022. (*See id.*, p. 1). Schnuck Markets filed a third-party complaint against Sierra Management Company on January 23, 2023, arguing that Schnuck Markets would be entitled to contribution from Sierra Management should Schnuck Markets be found liable; that Sierra Management is responsible for the parking lot because of an express assumption of liability; and that Sierra Management committed breach of contract as related to the Lease Agreement between the two parties. (*See* Doc. 15, pp. 2–5). Following the completion of discovery, Schnuck Markets filed the instant Motion for Summary Judgment arguing that, because Schnuck Markets leased only the building itself from Sierra Management and because Schnuck Markets did not exercise any control over the parking lot, summary judgment is appropriate to resolve Holt's claims. (*See* Doc. 40, p. 4; Doc. 41, Ex. 2). Holt filed a Response (Doc. 42) in which he states that he does not oppose Schnuck Markets' Motion for Summary Judgment and requests to name Sierra Management Company as the defendant in this case. (*See id.*, p. 1).

## APPLICABLE LAW AND LEGAL STANDARDS

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue of fact for trial. Fed. R. Civ. P. 56(e); s*ee Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Stated another way, the nonmoving party must offer more than

"[c]onclusory allegations, unsupported by specific facts," to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)).

In determining whether a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Bennington v. Caterpillar Inc.,* 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, no issue remains for trial if "sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640–41 (7th Cir. 2008) (quoting *Springer v. Durflinger*, 518 F.3d 479, 483 (7th Cir. 2008)). The non-movant cannot simply rely on its pleadings; the non-movant must present admissible evidence that sufficiently shows the existence of each element of its case on which it will bear the burden of proof at trial. *Midwest Imps., Ltd. v. Coval*, 71 F.3d 1311, 1317 (7th Cir. 1995) (citing *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596 (7th Cir. 1995); *Greater Rockford Energy & Tech. Corp. v. Shell Oil Co.,* 998 F.2d 391, 394 (7th Cir. 1993), *cert. denied*, 510 U.S. 1111 (1994); *Celotex*, 477 U.S. at 323–24).

## ANALYSIS

Schnuck Markets has provided a copy of the lease that its predecessor in interest, Kroger Company, established with Madison Plaza Associates in 1986. (*See* Doc. 41, Ex. 2). Schnuck Markets points to paragraph 3 of the lease in which the following is stated: "All that portions of the tract of land not covered by buildings is to be Common Area for the joint use of all tenants, customers, invitees, and employees." (Doc. 41, Ex. 3, § 3). Moreover, the same paragraph states that "Landlord

agrees, at its own expense, to maintain all Common Area in good repair" and a modification to paragraph 11 states that ""Landlord shall maintain the structure and the exterior of the premises, including, but without limitation, all paved areas . . . and service pipes and lines." (Doc. 41, Ex. 3, §§ 3, 11). Because Schnuck Markets is not responsible for the common areas of the property as the lessee, they argue that there are no genuine issues of fact in dispute and that summary judgment should be granted in their favor. (*See* Doc. 40, p. 4). As Holt does not dispute the contents of the lease and does not oppose Schnuck Markets' Motion for Summary Judgment, Schnuck Markets' Motion must be granted.

Because Schnuck Markets does not retain ownership or control over the parking lot in question, it must be dismissed from the instant suit. Conversely, Sierra Management Company is a required party in accordance with Federal Rule of Civil Procedure 19(a)(1) and must be named as a defendant. However, Sierra Management Company's citizenship for purposes of diversity jurisdiction was not established in Schnuck Markets' Third-Party Complaint. (*See* Doc. 15; *see also id.*, Ex. 1, p. 1). Once Schnuck Markets is terminated as the Defendant in this case and Sierra Management moves from being the third-party defendant to the primary defendant, Holt must demonstrate absolute diversity between the parties in order to meet the requirements of 28 U.S.C. § 1332. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440 (7th Cir. 2009) (quoting *Hemmings v. Barian*, 822 F.2d 688, 689, 693 (7th Cir.1987) ("The district court dismissed the claim because diversity had not been properly alleged. We remanded, holding that although the plaintiff's attempt to invoke diversity jurisdiction was 'clumsy,' dismissal was 'overkill.' The proper course

of action, we noted, was not to dismiss the complaint but to determine whether jurisdiction in fact existed.")); FED. R. CIV. P. 14 advisory committee's note to 1946 amendment ("Moreover, in any case where the plaintiff could not have joined the third party originally because of jurisdictional limitations such as lack of diversity of citizenship, the majority view is that any attempt by the plaintiff to amend his complaint and assert a claim against the impleaded third party would be unavailing."); *see also Illinois ex rel. Trust Co. Chi. v. Md. Casualty Co.*, 132 F.2d 850, 853–54 (7th Cir. 1942) (Minton, J., concurring) ("As long as the third party defendants remained in their capacity as third party defendants in the ancillary proceeding for the purpose of litigating the separate matters in controversy between the third party plaintiffs and the third party defendants, no complaint, we shall assume, could be made that the third party defendants were of the same citizenship with the plaintiffs in the original or parent suit. . . . When the third party defendants abandoned their role as third party defendants and assumed, without objection, their role as full-fledged defendants attacking the sufficiency of the original complaint both as to themselves and the original defendants, they destroyed diversity of citizenship and hence the jurisdiction of the District Court.").

Because Sierra Management Company would no longer be engaged in a purely "ancillary proceeding" with Schnuck Markets, Plaintiff Holt must file an amended complaint against Sierra Management Company establishing absolute diversity between the parties in order to maintain his claims in federal court. Should Holt fail to establish absolute diversity, the Court must remand this case to state court for lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## CONCLUSION

For the reasons set forth above, Schnuck Markets' Motion for Summary Judgment (Doc. 40) is **GRANTED**. The Clerk of Court is **DIRECTED** to terminate Schnuck Markets as the Defendant in this matter. Plaintiff Holt is **ORDERED** to file an amended complaint naming Sierra Management Company as the Defendant and establishing diversity of citizenship between the parties no later than May 1, 2024. Failure to do so will result in the remand of this case to state court.

**IT IS SO ORDERED.**

**DATED: April 1, 2024**

s/ <u>*Stephen P. McGlynn*</u><br>
**STEPHEN P. McGLYNN**<br>
U.S. District Judge